UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL PAYMENT CORPORATION,<br><br>Defendant. | Case No. 14-cv-00042-JCS<br><br>**REPORT AND RECOMMENDATION RE REVIEW UNDER 28 U.S.C. SECTION 1915; ORDER RE NONDISPOSITIVE MOTIONS**<br><br>**Dkt. Nos. 1-2, 5-9.** |

## I. INTRODUCTION

Plaintiff Ronald Satish Emrit (hereafter, "Plaintiff") alleges that his former employer, Central Payment Corporation (hereafter, "Defendant"), paid him less than minimum wage in violation of labor laws and his constitutional rights. Plaintiff filed this action *pro se* and filed an application to proceed *in forma pauperis*. Based upon the information contained in the application, the undersigned finds Plaintiff to be indigent and GRANTS his request to proceed *in forma pauperis*. Under 28 U.S.C. § 1915(e)(2)(B), courts are required to dismiss an *in forma pauperis* complaint that is frivolous, malicious or fails to state a claim. For the reasons explained below, the undersigned recommends DISMISSING the complaint WITH LEAVE TO AMEND. Plaintiff also filed various non-dispositive motions which are DENIED for the reasons explained below.[1]

## II. BACKGROUND

Plaintiff is a disabled citizen of Rhode Island and was hired by Defendant in 2009 to be an

---

[1] A party has requested reassignment to a United States District Court judge. Therefore, the undersigned issues a Report and Recommendation for review under 28 U.S.C. § 1915(e)(2)(B) pursuant to 28 U.S.C. § 636(b)(1)(B). The various motions filed by Plaintiff are non-dispositive. Therefore, the undersigned issues an order on these motions pursuant to 28 U.S.C. § 636(b)(1)(A).

1  "account executive."  Compl. at 6, 12, 15.  Plaintiff is no longer employed by Defendant.  *Id*. at 6.

2  According to the complaint, Defendant is a credit card processing company based in San Rafael,

3  California which sells processing equipment such as Mag-tech readers and equipment that

4  processes checks.  *Id*. at 7-8.  Plaintiff was responsible for soliciting new clients for Defendant by

5  passing out business cards, flyers, brochures and pamphlets.  *Id*. at 15.  Defendant would

6  occasionally send these promotional materials to Plaintiff's home address by Federal Express.  *Id*.

7  Plaintiff is a musician and he would often distribute Defendant's promotional material with a copy

8  of his debut CD.  *Id*. at 26.

9  Plaintiff alleges that Defendant paid him less than the federal minimum wage requirement,

10  though Plaintiff does not allege the amount he was paid by Defendant during his employment.

11  Plaintiff states that he never worked overtime, and was never discriminated against in his

12  employment.  *Id*. at 11, 13.

13  Plaintiff asserts five claims which are all based on the allegation that was paid less than the

14  federal minimum wage requirement: (1) violation of his due process rights under the 5th and 14th

15  Amendments of the U.S. Constitution; (2) violation of his rights to Equal Protection under the

16  U.S. Constitution; (3) violation of the Privileges and Immunities clause of the U.S. Constitution;

17  (4) creation of an unconscionable contract; and (5) violation of the Fair Labor Standards Act

18  ("FSLA"), 29 U.S.C. §§ 201 *et seq*.  Plaintiff seeks $850,000 in damages.

### III.  REVIEW UNDER 28 U.S.C. § 1915

#### A.  Legal Standard

21  Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1), and is granted leave

22  to proceed *in forma pauperis*, courts must engage in a preliminary screening and dismiss any

23  claims that: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted;

24  or (3) seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §

25  1915(e)(2)(B).  In determining whether a plaintiff fails to state a claim, the Court assumes that all

26  factual allegations in the Complaint are true.  *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484

27  (9th Cir. 1990).  However, "the tenet that a court must accept a complaint's allegations as true is

28  inapplicable to … mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  The

pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Where the complaint has been filed by a *pro se* plaintiff, as is the case here, courts must "construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotations omitted).

### B.  Analysis

#### 1.  Constitutional Claims

Plaintiff's first three claims allege violations of Plaintiff's constitutional right to Due Process, Equal Protection and Privileges and Immunities, respectively. Under 42 U.S.C. § 1983, a plaintiff that has been deprived of his constitutional rights may assert a claim in federal court. Nevertheless, "[t]o establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1149 (9th Cir. 2011). In this case, Plaintiff has not alleged that he was deprived any constitutional right by a person acting under the color of state law, such as an officer of the State or "a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Nor is there any legal authority to suggest that a person paid less than minimum wage, by virtue of that fact alone, is deprived of any constitutional rights. Accordingly, Plaintiff cannot state a claim under § 1983 to address the alleged constitutional violations. Plaintiff's first, second and third claims should be dismissed with prejudice.

#### 2.  Unconscionable Contract Claim

In Plaintiff's fourth claim for relief, Plaintiff alleges that Defendant created a procedurally and substantively unconscionable contract by failing to pay Plaintiff a base salary equal to or in excess of minimum wage. A contract that is procedurally or substantively unconscionable may be "unenforceable." *Ting v. AT&T*, 319 F.3d 1126, 1148 (9th Cir. 2003). Nevertheless, it is clear from the complaint that Plaintiff does not seek to render any contract unenforceable. Rather, the sole factual allegation is that Plaintiff was paid less than the minimum wage. This claim should be dismissed with prejudice.

3

### 3. Claim under the FSLA

Under the FSLA, employers are required to pay their employees $6.55 per hour between July 24, 2008 and July 24, 2009, and $7.25 per hour thereafter. 29 U.S.C. § 206(a)(1)(B)-(C). While there are some exceptions to this requirement, none seem to apply in this case based on the facts averred in the complaint. *See* 21 U.S.C. § 213(a). Nevertheless, Plaintiff has not alleged the amount he was paid while he worked for Defendant. Therefore, it is impossible to determine from the facts alleged in the complaint whether Plaintiff has stated a claim under the FSLA. This claim should be dismissed with leave to amend.

## IV. MOTIONS

Plaintiff has filed five non-dispositive motions, including (1) a Motion to Compel Discovery, (2) a Motion to Have the Court Waive the Fees for the Plaintiff to use PACER and CM/ECF, (3) a Motion to Set a Trial Date and Expedited Preliminary Hearing, (4) a Motion to Subpoena Witness, and (5) a Motion to Have a Pro Bono Public Attorney Appointed to Represent the Plaintiff. *See* Dkt. Nos. 5-9.

The Motion to Set a Trial Date and Expedited Preliminary Hearing, as well as the Motion to have a Pro Bono Public Attorney Appointed to Represent the Plaintiff should be considered at a later time by the United States District Court judge that will preside over this case. *See* Dkt. Nos. 7, 9. Therefore, these Motions are DENIED WITHOUT PREJUDICE.

In the Motion to Compel Discovery, Plaintiff requests that "the court pay for the costs associated with issuing affidavits, interrogatories, and depositions (on behalf of the plaintiff) to various employees who work for the corporate defendant that have firsthand knowledge of the plaintiff's employment contract entered into in the fall of 2009." Dkt. No. 5 at 1. "[T]he expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress." *Givens v. Martel*, No. 07-1448 MHP (PR), 2009 WL 331440, at *2 (N.D. Cal. Feb. 11, 2009) (citing *United States v. MacCollom*, 426 U.S. 317, 321 (1976); *see also Dixon v. Ylst,* 990 F.2d 478, 480 (9th Cir.1992) ("28 U.S.C. § 1915, the *in forma pauperis* statute does not authorize court to waive fees or expenses of witnesses"). Because Congress has not authorized the courts to pay for the costs of an indigent plaintiff to conduct discovery, this Motion is DENIED.

1    In the Motion to Subpoena Witnesses, Plaintiff requests the court to issue and pay for
2  subpoenas issued to "various" employees of Defendant. *See* Dkt. No. 8. Plaintiff need not bring a
3  motion to issue a subpoena. Rule 45 of the Federal Rules of Civil Procedure states that "[t]he
4  clerk must issue a subpoena, signed but otherwise in blank, *to a party who requests it*."
5  Fed.R.Civ.P. 45(a)(3) (emphasis added). Congress has not authorized the courts to pay for the
6  costs of an indigent plaintiff to serve subpoenas. Accordingly, this Motion is DENIED for the
7  same reasons discussed above.

8    Plaintiff also moves to have the court waive the fees for Plaintiff to use PACER and
9  CM/ECF. Dkt. No. 6 at 2. There are no costs associated with using CM/ECF, which allows
10 attorneys and pro se litigants to *submit* documents to the court electronically. Nevertheless, if a
11 pro se litigant seeks to use CM/ECF, the litigant must file a formal motion with the court seeking
12 permission to e-file and must satisfy certain requirements.[2]

13   There are costs associated with using PACER, which allows attorneys and pro se litigants
14 to *retrieve* documents from the court electronically. Courts may grant a PACER fee exemption
15 upon a showing "that an exemption is necessary in order to avoid unreasonable burdens and to
16 promote public access to information."[3] Plaintiff has not met this burden. *See Givens v. Martel*,
17 No. 07-1448 MHP (PR), 2009 WL 331440 (N.D. Cal. Feb. 11, 2009) (denying PACER fee
18 exemption request from pro se litigant in prison). Contrary to Plaintiff's assertion, PACER is not
19 necessary to access the documents filed in this case. As a non-ECF litigant, Plaintiff will already
20 receive a paper copy of every document that is filed by the Court or the defendant, if the defendant
21 is served. If Plaintiff becomes an ECF litigant, he will be able to download newly filed documents
22 from CM/ECF within a limited period of time after that document is filed.

23   Plaintiff, however, seeks to use PACER to conduct legal research, which is evident by the
24 fact he has already incurred approximately $200 in PACER fees. Plaintiff has presented no reason
25 why conducting his legal research at a public law library in lieu of PACER will present an

---

[2] Plaintiff can find more information on how to apply for CM/ECF registration here: http://cand.uscourts.gov/ECF/proseregistration.
[3] http://www.pacer.gov/documents/epa_feesched.pdf

unreasonable burden. *Cf. Anaya v. Marin Cnty. Sheriff*, No. 13-4090 WHO (N.D. Cal. Jan. 10, 2014), Dkt. No. 9 (granting PACER fee exemption for a plaintiff with a physical disability). Accordingly, the request for a PACER fee exemption is DENIED.

### V. CONCLUSION

For the foregoing reasons, the undersigned recommends DISMISSING the complaint WITH LEAVE TO AMEND. This case shall be reassigned to a United States District Court judge. Any objections to this report and recommendation shall be filed within fourteen (14) days.

The Motion to Compel Discovery is DENIED.

The Motion to Subpoena Witnesses is DENIED.

The Motion to Have the Court Waive the Fees for the Plaintiff to use PACER and CM/ECF is DENIED.

The Motion to Set a Trial Date and Expedited Preliminary Hearing is DENIED WITHOUT PREJUDICE.

The Motion to have a Pro Bono Public Attorney Appointed to Represent the Plaintiff is DENIED WITHOUT PREJUDICE.

Plaintiff is encouraged to seek further help by accessing, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which is available in PDF at http://cand.uscourts.gov/prosehandbook. Plaintiff may also contact the Legal Help Center of the Justice & Diversity Center of the Bar Association of San Francisco, Room 2796, 15th Floor, 450 Golden Gate Avenue, San Francisco, California. Appointments can be made by signing up in the appointment book located on the table outside of the door of the Legal Help Center or by calling (415) 782-8982.

Dated: March 13, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge